IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:96-CR-81 |
| v. | ) |
| | ) |
| WILLIAM ANDRIAN DUNGEE, | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant William Andrian Dungee's pro se motion for early termination of supervised release. ECF No. 24. For the reasons stated below, the court **DENIES without prejudice** Dungee's motion.

On October 15, 1996, Dungee was indicted on two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B). Indictment, ECF No. 1; Presentence Investigation Report (PSR), ECF No. 19 ¶¶ 1, 56. Pursuant to a written plea agreement, Dungee pled guilty to one count and the government dismissed the other count. Plea Agreement, ECF No. 11; PSR, ECF No. 19 ¶ 2. On August 11, 1997, Dungee was sentenced to a term of imprisonment of 115 months. ECF Nos. 14, 16. He later received an additional consecutive sentence of 96 months in the Eastern District of Virginia for an assault he committed while incarcerated. United States v. Dungee, No. 3:05-cr-17 (E.D. Va. filed Jan. 18, 2005). In addition to the assault conviction, while incarcerated at the Federal Corrections Complex in Butner, North Carolina, Dungee also was convicted of a scheme that involved bribing prison employees to allow contraband including marijuana and cigarettes into the prison facility. See Compl., ECF No. 1 in United States v. Dungee, No. 5:12-cr-86 (E.D.N.C.

1

filed Mar. 14, 2012). Dungee was sentenced to a term of 96 months to run consecutively to any other previous state or federal sentence. J., ECF No. 79 in No. 5:12-cr-86; ECF No. 83 in 3:05-cr-17. On October 4, 2011, Dungee's sentence in the instant case was reduced to 63 months, but not less than time served, pursuant to Amendment 750 of the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). Order, ECF No. 18.

Dungee was released from prison to a residential reentry house on July 31, 2019, and was released from custody on October 22, 2019. Letter, ECF No. 24. Dungee is serving a 4-year term of supervised release in the instant case. Resp. to Mot., ECF No. 28 at 2. Dungee is serving 3-year terms of supervised release stemming from the assault conviction and the bribery conviction. J., ECF No. 79 in 5:12-cr-86; J., ECF No. 83 in 3:05-cr-17.

The court sought input from the United States Probation Officer who supervises Dungee. The officer confirmed that Dungee has done well on supervision and does not oppose early termination of supervised release. The government opposes early termination based on Dungee's long and violent criminal history. ECF No. 28.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a period of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training,

medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Turning to the § 3553(a) factors and looking at the nature and circumstances of the offense, Dungee was convicted after twice being recorded selling cocaine base to a confidential informant. PSR, ECF No. 19 ¶¶ 5-9. Dungee told the probation officer who prepared the PSR that his involvement in the drug sale was purely financial and that he made approximately $125 from each sale. Id. ¶ 11. The court finds that the nature of Dungee's offense is neutral in the consideration of early termination of supervised release.

Regarding Dungee's history and characteristics, at the time of his initial incarceration, Dungee had no known history of mental or emotional problems and no problems with substance abuse. Id. ¶¶ 47-48. Dungee has a fairly extensive criminal history, beginning at age 16 when he shot a woman which resulted in her partial paralysis. Id. ¶ 24. At age 19, Dungee shot a man in the back of the leg after the two had a verbal altercation. Id. ¶ 28. He had additional arrests for assault and battery, trespassing, grand larceny, rape, display of a firearm, abduction with intent to defile, and operating a motor vehicle after being declared an habitual offender for non-payment of traffic fines. Id. ¶¶ 26-43. In addition, as mentioned above, Dungee was convicted of assault after he and other inmates attacked and beat an inmate while they were incarcerated at Federal Correctional Institution, Petersburg. Indictment, ECF No. 1 in 3:05cr17. Also, while incarcerated, he was convicted of conspiracy to commit bribery and wire fraud as a result of his contraband scheme. ECF No. 79 in 5:12cr86. Dungee's long and sometimes violent criminal history weigh against early termination, as does the fact that he committed additional offenses while incarcerated.

On the other hand, Dungee has done well since being placed on supervised release and has been compliant with the terms of release. He has become active in his community by

4

speaking at public events about his experience being incarcerated and also by mentoring troubled young men. The court credits Dungee with making a fresh start and working to make improvements in his community.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, the court finds that having Dungee remain on supervised release will provide benefits to both Dungee and the public. Dungee has been successful on supervised release with the structure and guidance he has received from his probation officer. Having Dungee continue on supervised release will allow him to continue to benefit from the support and direction his probation officer provides and will increase the chances that he will enjoy long-term success when his supervision ends.

Regarding the established sentencing range for the category of Dungee's offense, he faced a minimum term of four years of supervised release under 21 U.S.C. § 841(b)(1)(B). The fact that he is serving the minimum term of supervised release weighs against early termination. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing Dungee's supervised release, the court **DENIES without prejudice** Dungee's motion for early termination. To be sure, Dungee's accomplishments to date on supervision are positive. Nevertheless, the court remains concerned about the stability of Dungee's success given his long criminal history, including offenses he committed while incarcerated. Having Dungee continue on supervised release will provide him with an additional period of guidance and also serve to protect the community.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: August 4, 2022

Michael F. Urbanski
Chief United States District Judge